IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH D. JOHNSON, | No. 2:14-CV-0345-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| SACRAMENTO COUNTY, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

1   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
2   if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3   which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
4   allege with at least some degree of particularity overt acts by specific defendants which support
5   the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
6   impossible for the court to conduct the screening required by law when the allegations are vague
7   and conclusory.

8           Plaintiff names Sacramento County and attorney Cynthia A. Thomas as
9   defendants to this action.  It appears that plaintiff is challenging the validity of his underlying
10  conviction by way of arguing that Sacramento County interfered with his access to counsel for
11  his direct criminal appeal.  He also appears to allege ineffective assistance of counsel on the part
12  of Ms. Thomas.

13          When a state prisoner challenges the legality of his custody and the relief he seeks
14  is a determination that he is entitled to an earlier or immediate release, such a challenge is not
15  cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ
16  of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda,
17  131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.
18  1995) (per curiam).  In this case, plaintiff does not challenge the conditions of his confinement,
19  which is a claim cognizable under § 1983.  Rather, he presents arguments which relate to the fact
20  or duration of his confinement.  As such, his claims are not cognizable under § 1983 and the
21  action should be dismissed.

22          Because it does not appear possible that the deficiencies identified herein can be
23  cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of
24  the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
25  Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action
26  should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to

1 | this order may result in dismissal of the action for the reasons outlined above, as well as for
2 | failure to prosecute and comply with court rules and orders.  See Local Rule 110.
3 |         IT IS SO ORDERED.
4 |
5 | DATED:  October 30, 2014
6 |
7 |                                     **CRAIG M. KELLISON**
                                    UNITED STATES MAGISTRATE JUDGE