IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH D. JOHNSON,<br><br>    Plaintiff,<br><br>  vs.<br><br>SACRAMENTO COUNTY, et al.,<br><br>    Defendants.<br>_____/ | No. 2:14-CV-0345-CMK-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

On October 30, 2014, the court directed plaintiff to show cause in writing why this action should not be dismissed for failure to state a claim. The court stated:

> Plaintiff names Sacramento County and attorney Cynthia A. Thomas as defendants to this action. It appears that plaintiff is challenging the validity of his underlying conviction by way of arguing that Sacramento County interfered with his access to counsel for his direct criminal appeal. He also appears to allege ineffective assistance of counsel on the part of Ms. Thomas.

/ / /

1

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). In this case, plaintiff does not challenge the conditions of his confinement, which is a claim cognizable under § 1983. Rather, he presents arguments which relate to the fact or duration of his confinement. As such, his claims are not cognizable under § 1983 and the action should be dismissed.

Plaintiff has not responded to the court's order to show cause, but has instead filed a document in which he asks the court for an "extension of time to rule on this civil matter." Plaintiff has not stated any reasons justifying an extension of time to respond to the court's order to show cause and, therefore, fails to show good cause. Nor has plaintiff shown cause why this action should not be dismissed for failure to state a claim.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed, without prejudice, for failure to state a claim upon which relief under 42 U.S.C. § 1983 can be granted;

2. Plaintiff's motion to transfer (Doc. 8) is denied as moot; and

3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: February 3, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE